UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONARDO APONTE,<br><br>          Plaintiff,<br><br>     v.<br><br>5TH AVE. KINGS FRUIT & VEGETABLES CORP. d/b/a 5TH AVE. KINGS SUPERMARKET, 20/20 GROCERY AND DELI CORP., and ADEL KASSIM<br><br>          Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Leonardo Aponte ("Plaintiff"), by and through his counsel, Trief & Olk, alleges as follows:

## INTRODUCTION

1. Plaintiff was an employee of Defendant 5th Ave. Kings Fruit & Vegetables Corp. ("5th Ave. Kings"), which owns and operates a specialty grocery store in Brooklyn, New York. 5th Ave. Kings is owned and operated by Defendant Adel Kassim ("Kassim"). Plaintiff was previously employed at another grocery store owned and operated by Kassim, Defendant 20/20 Grocery and Deli Corp. ("20/20 Grocery"), in Far Rockaway, Queens. Plaintiff was employed by 5th Ave. Kings to stock merchandise and clean the store during the overnight shift and performed similar duties during his employment by 20/20 Grocery.

2. This action arises out of Defendants' failure to comply with federal and state wage and hour laws. Defendants have failed to pay Plaintiff at least minimum wage for all hour worked, failed to pay overtime, and failed to keep proper records.

3. Defendants' failures to pay proper wages and keep records constitute willful

violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

4. Plaintiff Leonardo Aponte is an adult individual and New York State resident who was employed by Defendants from 2006 to August 2020. He worked at the 2020 Supermarket from 2006 to September 2017, and worked at the 5th Ave. Kings from September 2017 to August 2020.

5. Defendant 5th Ave. Kings Fruit & Vegetables Corp. is a corporation organized under the laws of the State of New York, with its principal place of business at 6824 Fifth Avenue, Brooklyn, New York, where it operates the grocery store where Plaintiff was employed.

6. Defendant 20/20 Grocery and Deli Corp. was a corporation organized under the laws of the State of New York, with its principal business formerly at 5814 Beach Channel Drive, Far Rockaway, New York, where it operated the grocery store where Plaintiff was employed from 2006 to September 2017.

7. Defendant Adel Kassim is the owner and Chief Executive Officer of 5th Ave. Kings and was the owner and manager of 20/20 Grocery. ("5th Ave. Kings, 20/20 Grocery, and Kassim are referred to collectively as "Defendants.")

## VENUE AND JURISDICTION

8. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because Defendant 5th Ave. Kings is a New York-based corporation, which operates in the State of New York, and

Defendant 20/20 Grocery was a New York-based corporation, which operated in the State of New York.

11. Venue is proper in this judicial district because, pursuant to 28 U.S.C. § 1391, Defendant 5th Ave. Kings is a resident of this judicial district as an entity subject to the court's personal jurisdiction with respect to the civil action in question, Defendant 20/20 Grocery was a resident of this judicial district as an entity subject to the court's personal jurisdiction with respect to the civil action in question, and because the events or omissions giving rise to the claim occurred in this judicial district.

## COVERAGE UNDER THE FLSA AND NYLL

12. Throughout Plaintiff's employment, Defendants have continuously been an employer of multiple employees engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. Throughout Plaintiff's employment, Defendants were an enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

14. Throughout Plaintiff's employment, upon information and belief, each of Defendants 5th Ave. Kings and 20/20 Grocery had annual gross volume of sales made or business done of over $500,000 for each year in the relevant period.

15. Throughout Plaintiff's employment, Defendants had multiple employees including Plaintiffs engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Throughout Plaintiff's employment, Defendants employed Plaintiff within the meaning of the FLSA and the NYLL.

17. Throughout Plaintiff's employment, he was an "employee" of Defendants as that term is used in 29 U.S.C. § 203(e)(1) and in the applicable regulations implementing the NYLL, 12 NYCRR § 142-2.14(a).

18. Throughout Plaintiff's employment, Defendants maintained control, oversight, and direction over the operation of the operations at 5th Ave. Kings and 20/20 Grocery, including oversight of hiring and firing practices; setting hours and pay rates; oversight of the payroll; and other employment practices therein.

19. Upon information and belief, Defendant Kassim has had oversight of the day-to-day operations of 5th Ave. Kings and previously had oversight of the day-to-day operations of 20/20 Grocery. He was on the premises daily, supervising the staff closely, and witnessing the hours Plaintiff worked. He had the power to hire and fire employees such as Plaintiff, control the conditions of employment, and determine the rate and method of compensation paid to Plaintiff.

20. Defendant Kassim is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and the applicable implementing regulations, and NYLL § 2(6) and applicable implementing regulations, and is jointly and several liable with Defendants 5th Ave. Kings and 20/20 Grocery.

## PLAINTIFF'S EMPLOYMENT HISTORY

21. From 2006 through September 2017, Plaintiff was employed by Defendants 20/20 Grocery and Kassim, working from 9:00 pm until 7:00 am the next day, for a total of 10 hours per day, six days a week during most weeks.

22. In total, in most weeks, Plaintiff worked a total of 60 hours.

23. Throughout the time of his employment at 20/20 Grocery, Plaintiff was paid $350 per week, partially by check, with the required taxes withheld, and partially in cash. He was paid

the same amount, regardless of the number of hours worked.

24. From September 2017 through August 2020, Plaintiff was employed by Defendants 5th Ave. Kings and Kassim, working from 9:00 pm until 7:00 am the next day, for a total of 10 hours per day, six days a week during most weeks.

25. Although he was required to log the hours worked (first, through a punch card system, then in a notebook with handwritten entries), his logged hours frequently did not reflect the actual hours worked. His manager Mahdi L/N/U required that he clock out or sign out and continue working off the clock for additional time, for one to two additional hours per shift.

26. In total, in most weeks, Plaintiff worked a total of 60 hours.

27. From September 2017 until May 2020, Plaintiff was paid $650 per week in cash. He was paid the same amount, regardless of the number of hours worked.

28. Beginning in or about May 2020, Plaintiff was told that he would be paid at an hourly rate of $12 per hour, working the same 60 hours per week. However, he received $600 per week, an effective rate of $10 per hour – a decrease in pay.

29. Throughout his employment, Plaintiff was not paid the minimum wage required under NYLL nor was he paid an overtime premium for hours worked in excess of 40 in a workweek.

30. For the last three weeks of his employment from August 3 through August 21, 2020, he received no pay at all.

**DEFENDANTS' VIOLATIONS OF THE FLSA AND NEW YORK LABOR LAW**

31. Throughout his employment by Defendants, Plaintiff was a covered employee under the FLSA and New York Labor Law and was not exempt from the requirements thereunder, including minimum wage and overtime requirements.

32. Throughout his employment by Defendants, Plaintiff was not paid the wages to which he was entitled.

33. Throughout Plaintiff's employment, Defendants were aware of Plaintiff's hours worked and rates of pay but willfully failed to pay the compensation Plaintiff was owed pursuant to the FLSA and NYLL.

34. Throughout Plaintiff's employment by Defendants, Defendants willfully failed to pay Plaintiff at the governing minimum wage under the NYLL.

35. Throughout Plaintiff's employment by Defendants, Defendants willfully failed to pay Plaintiff for all hours worked.

36. For the last three weeks of his employment, Plaintiff was paid nothing at all, in violation of the FLSA and NYLL.

37. Throughout Plaintiff's employment by Defendants, Plaintiff regularly worked in excess of forty hours in a week, averaging 20 hours of overtime each week.

38. Because Plaintiffs was a non-exempt employee, he was entitled to overtime pay at one-and-one-half times the regular rate for any hours worked in excess of 40 hours per week.

39. Despite requiring Plaintiff to work in excess of 40 hours per week, throughout Plaintiff's employment by Defendants, Defendants willfully failed to pay Plaintiff the overtime premium required under the FLSA and NYLL for hours worked in excess of 40 hours in a given week.

**Wage Notice and Wage Statement Violations**

40. At the commencement of Plaintiff's employment at the 5th Ave. Kings location, Defendants failed to provide Plaintiff with statements of the scheduled hours and rate of pay as required by New York Labor Law.

41. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff with accurate, written wage statements listing, *inter alia*, rate or rates of pay and basis thereof; gross wages; net wages; regular hourly rate; overtime rate; number of regular hours worked; and the number of overtime hours worked, in violation of New York Labor Law.

42. Any wage statements that were provided by 20/20 Grocery were not accurate; and during the period of his employment at 5th Ave. Kings, Plaintiff was paid entirely in cash, receiving no documentation at all regarding the terms of employment, hours worked, or pay earned.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (AGAINST DEFENDANTS 5TH AVE. KINGS AND KASSIM)
### (29 U.S.C. § 201, *et seq.*)

43. Plaintiff realleges and incorporates paragraph 1-42 as if fully set forth herein.

44. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants 5th Ave. Kings and Kassim, and protect Plaintiff.

45. Plaintiff worked 60 hours per week for the weeks beginning August 3, 2020, August 10, 2020, and August 17, 2020.

46. Defendants 5th Ave. Kings and Kassim failed to pay Plaintiff at all for these three weeks. Accordingly, they failed to pay Plaintiff the federal minimum wage for all work during those three weeks.

47. The conduct of Defendants 5th Ave. Kings and Kassim constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Due to these FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants 5th Ave. Kings and Kassim compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**FAILURE TO PAY OVERTIME IN VIOLATION**
**OF THE FAIR LABOR STANDARDS ACT**
**(AGAINST DEFENDANTS 5TH AVE. KINGS AND KASSIM)**
**(29 U.S.C. § 201, *et seq.*)**

49. Plaintiff realleges and incorporates paragraphs 1-42 as if fully set forth herein.

50. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants 5th Ave. Kings and Kassim, and protect Plaintiff.

51. Plaintiff worked in excess of 40 hours during some or all workweeks in the relevant period.

52. Defendants 5th Ave. Kings and Kassim failed to pay Plaintiff one-and-one-half times minimum wage for all work in excess of 40 hours per workweek.

53. The conduct of Defendants 5th Ave. Kings and Kassim constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Because the conduct of Defendants 5th Ave. Kings and Kassim was willful, a three-year statute of limitations applies, pursuant to 20 U.S.C. §§ 201, *et seq.*

55. Due to these FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants 5th Ave. Kings and Kassim compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**FAILURE TO PAY MINIMUM WAGE AND**
**FOR ALL HOURS WORK IN VIOLATION OF NYLL**
**(AGAINST ALL DEFENDANTS)**
**(NYLL §§ 191 and 650 *et seq*.; and 12 NYCRR § 142-2.1)**

56. Plaintiff realleges and incorporates paragraphs 1-42 as if fully set forth herein.

57. From 2014 until May 2020, Plaintiff was paid at a weekly rate that resulted in an effective hourly rate less than the applicable minimum wage under NYLL.

58. From May 2020 to August 2020, Plaintiff was told he was being paid $12 per hour. However, he worked more hours than were logged, effectively earning $10 per hour. In either case, Plaintiff was paid less than the applicable minimum wage under NYLL.

59. Plaintiff worked 60 hours per week for the weeks beginning August 3, 2020, August 10, 2020, and August 17, 2020 but was not paid at all for those hours worked.

60. From 2014 to the present, Defendants willfully failed to pay Plaintiff at least minimum wage for all hours worked as required by NYLL §§ 191 and 652, and 12 NYCRR § 142-2.1.

61. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to NYLL § 198.

**COUNT IV**
**FAILURE TO PAY OVERTIME IN VIOLATION OF NYLL**
**(AGAINST ALL DEFENDANTS)**
**(NYLL §§ 198 and 650, *et seq*., and 12 NYCRR § 142-2.2)**

62. Plaintiff realleges and incorporates paragraphs 1-42 as if fully set forth herein.

63. As a non-exempt employee, Plaintiffs was entitled to be paid an overtime premium at one-and-one-half times his regular hourly rate for all hours worked in excess of 40

9

hours per workweek, as set forth under NYLL § 652 and 12 NYCRR § 142-2.2.

64. Throughout Plaintiff's employment with Defendants, Defendants willfully failed to pay Plaintiff at the overtime rate for hours worked in excess of 40 hours per workweek as required by NYLL and 12 NYCRR § 142-2.2.

65. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to, pursuant to NYLL § 198.

## COUNT V
## FAILURE TO FURNISH WAGE NOTICE IN VIOLATION OF
## NEW YORK WAGE THEFT PREVENTION ACT
## (AGAINST ALL DEFENDANTS 5TH AVE. KINGS AND KASSIM)
## (NYLL §§ 195(1), 198)

66. Plaintiff realleges and incorporates paragraphs 1-42 as if fully set forth herein.

67. At the commencement of Plaintiff's employment with 5th Ave. Kings, Defendants 5th Ave. Kings and Kassim failed to provide Plaintiff with a written notice (in Spanish, Plaintiff's primary language), of the applicable rate of pay, regular pay day, and such other information as required by the Wage Theft Prevention Act, NYLL § 195(1).

68. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants damage as provided by NYLL § 198 for these wage statement violations, together with attorneys' fees and costs.

## COUNT V
## FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF
## NEW YORK WAGE THEFT PREVE1987NTION ACT
## (NYLL §§ 195(3), 198, and 650 *et seq.*; and 12 NYCRR § 142-2.7)

69. Plaintiff realleges and incorporates paragraphs 1- 42 as if fully set forth herein.

70. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff with

10

accurate, written wage statements listing, *inter alia*, gross wages; net wages; overtime rate; number of regular hours worked; and the number of overtime hours worked, as required by the Wage Theft Prevention Act, NYLL § 195(3).

71.     Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants damage as provided by NYLL § 198 for these wage statement violations, together with attorneys' fees and costs.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the relief to which he is entitled and:

- A. On the first and third claim for relief, an award of compensation for unpaid minimum wages at the applicable New York minimum wage rate or federal minimum wage rate;

- B. On the second and fourth claim for relief, an award of overtime compensation for unpaid wages to Plaintiff;

- C. On the fifth and sixth claim for relief, an award of statutory damages as applicable pursuant to New York Labor Law to Plaintiff;

- D. An award of liquidated damages to Plaintiff;

- E. An award of prejudgment and post-judgment interest to Plaintiff;

- F. An award of costs and expenses of this action together with reasonable attorneys' fees, costs, and expenses of litigation to Plaintiff; and

      G.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 18, 2020

**TRIEF & OLK**

By *Shelly L. Friedland*

Shelly L. Friedland
750 Third Avenue
Suite 2902
New York, NY 10017
Tel: (212) 486-6060
Fax: (212) 317-2946
sfriedland@triefandolk.com
*Attorneys for Plaintiff*